UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-21898-CIV-MORENO

RICARDO BULE,
and other similarly situated individuals,

        Plaintiff,

vs.

GARDA CL SOUTHEAST, INC.,
a Florida Profit Corporation.

        Defendant.
_____/

**DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Garda CL Southeast, Inc. ("Garda"), pursuant Rule 12(b)(6), Federal Rules of Civil Procedure, hereby moves to dismiss Counts I, II, and III of Plaintiff Ricardo Bule's Complaint, as well as the collective action components of Counts IV and V. In each instance, Plaintiff failed to plead a facially plausible cause of action.

**I.   INTRODUCTION**

Plaintiff's Complaint asserts claims for: (1) breach of implied agreement; (2) quantum meruit; (3) unjust enrichment; and (4) violation of the Fair Labor Standards Act's ("FLSA") overtime requirements on behalf of himself and alleged similarly situated individuals.[1] Plaintiff's state law claims for breach of implied contract, quantum meruit, and unjust enrichment claims in Counts I, II, and III are entirely duplicative of, and preempted by, the FLSA, in that they all rely on establishing that Plaintiff worked over forty hours in a single work week and was not properly compensated at the appropriate overtime rate effectively imposed by the FLSA. Accordingly, dismissal of these claims is proper. Furthermore, such equitable claims are regularly dismissed where, as here, adequate statutory remedies exist, namely, under the

---

[1] Plaintiff's Complaint also seeks declaratory relief in Count V, based on alleged violations of the Fair Labor Standards Act.

FLSA.  *See H2Ocean, Inc. v. Schmitt*, 2006 WL 1835974, *8-9 (N.D. Fla. June 30, 2006). Moreover, because Plaintiff does not identify the Florida state laws (by name, number, or even reference) allegedly violated, Plaintiff fails to state a plausible claim.  *See Hutchinson v. D.C.*, 2010 WL 2428124, at *1 (D.D.C. June 15, 2010).  Finally, the collective action components of Counts IV and V of Plaintiff's Complaint should be dismissed because Plaintiff fails to allege sufficient facts to establish the existence of similarly-situated individuals.

## II. PROCEDURAL BACKGROUND

On April 14, 2014, Plaintiff commenced this action seeking the recovery of alleged unpaid overtime wages against Garda.  *See generally* Plaintiff's Complaint.  [ECF No. 1]. Without identifying a date range, Plaintiff alleges he worked for Garda as a non-exempt employee.  *See id*. at ¶ 8.  During his time with Garda, Plaintiff claims he worked over 40 hours per week, but was not paid at the proper overtime rate for all hours worked in excess of 40 per week.  *See id*. at ¶¶ 10-11.  Based on these allegations, which Plaintiff contends are common to all counts of his Complaint, Plaintiff incorrectly avers in a duplicative manner that Garda has: (1) breached an "implied agreement"; (2) retained an inequitable benefit from Plaintiff; (3) been unjustly enriched; and (4) violated the FLSA.  *See id*. at ¶¶ 12-50.

## III. LEGAL ARGUMENT

### A. Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual

allegations, plaintiffs have an obligation to provide the grounds of their entitlement to relief with more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When a complaint falls short of this standard because it relies on formulaic recitations and unsupported conclusions, a Court should dismiss the deficient claims for their failure to provide an adequate basis for the possibility of granting relief.  *See* Fed. R. Civ. P. 12(b)(6).

### B. Plaintiff's Claims For Breach Of Agreement, Quantum Meruit, and Unjust Enrichment Must Be Dismissed.

#### i. Plaintiff's Claims for Breach Of Agreement, Quantum Meruit, And Unjust Enrichment Are Duplicative Of Plaintiff's FLSA Claim And Preempted By The FLSA.

Plaintiff's "Factual Allegations Common To All Counts" sets forth the focal points of his Complaint:  (1) he worked over 40 hours per week; and (2) Garda allegedly did not pay Plaintiff at the proper overtime rate for all hours worked in excess of 40 per week.  *See* Compl. at ¶¶ 10-11.  In Count IV of the Complaint, seeking relief under the FLSA, Plaintiff alleges that Garda failed to comply with the FLSA "in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by [Garda] to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA."  *Id*. at ¶ 34.  Similarly, in Count I, II, and III, seeking relief under equitable theories of recovery, he alleges that Garda did not "properly pay Plaintiff for all hours worked."  *Id.* at ¶¶ 13, 19, 25.

Expressing the claims against Garda in terms of breach of implied agreement, quantum meruit, or unjust enrichment, does nothing to make the state law claims any different than the FLSA claim brought in Count IV of Plaintiff's Complaint.  Both the FLSA and the "state law" claims depend on the establishment of the same facts:  Plaintiff is entitled to overtime under the FLSA, Plaintiff worked over 40 hours per week, and Garda failed to properly pay Plaintiff for all

3

hours worked. The *only* difference is the way Plaintiff classified these claims. The FLSA, however, precludes such an effort to end-run its claims and procedures.

Indeed, numerous courts have dismissed such duplicative state law common law claims where they rely on proof of the same facts. As one court stated recently, "a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA. Defendants' motion to dismiss Plaintiffs' unjust enrichment claim as it relates to any claim of failure to pay minimum wages or overtime under the FLSA is GRANTED." *Bouthner v. Cleveland Constr. Inc.*, 2011 WL 2976868, at *7 (D. Md. July 21, 2011); *see also Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009) (the FLSA "preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay)"); *Morgan v. Speak Easy, LLC*, 625 F. Supp. 2d 632, 659-60 (N.D. Ill. 2007) (dismissing plaintiff's state common law claim as preempted by the FLSA, stating that "[plaintiff's] claim for unjust enrichment is directly covered by the FLSA"); *Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 293 (E.D.N.Y. 2005) (holding the FLSA preempted negligence claims because they were "founded upon the same facts as and therefore are duplicative of the FLSA claims") (internal quotation marks omitted); *Alexander v. Vesta Ins. Grp., Inc.*, 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001) (granting summary judgment dismissing plaintiffs' common law fraud claims, where plaintiffs were "merely attempting to recast what are clearly FLSA overtime claims in hopes that they might recover damages for mental anguish and punitive damages that would otherwise be available under the FLSA").

Similarly, in *Botello v. COI Telecom, LLC*, 2010 WL 3784202, at *4 (W.D. Tex. Sept. 21, 2010), the court dismissed the plaintiff's state law claims for quantum meruit, unjust enrichment, and breach of contract as preempted by the FLSA because they were "predicated on [d]efendant's alleged failure to compensate her for hours worked in excess of 40 hours; a requirement imposed by the FLSA [and] [t]he FLSA provides the exclusive remedy for violation

4

of its mandates." *See also Farmer v. Directsat USA, LLC*, 2010 WL 3927640, at *16 (N.D. Ill. Oct. 4, 2010) ("the FLSA preempts Plaintiffs' state common law claims of unjust enrichment, quantum meruit, and breach of implied contract"); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim.").

Here, as in *Botello*, Plaintiff's state law wage claims in Counts I, II, and III are based on the allegation he "was not paid at the proper overtime rate for all hours worked in excess of forty (40) per week[,]" a requirement clearly imposed by the FLSA.[2] *See* Compl. at ¶ 13. This Court should follow *Bouthner*, *Botello*, and the other cases across the country that prohibit plaintiffs from avoiding the procedures and substantive rules of the FLSA through artful pleading, and likewise dismiss Plaintiff's claims for breach of implied agreement, quantum meruit, and unjust enrichment with prejudice.

### ii. The FLSA Provides An Adequate Remedy For Plaintiff's Claims of Breach of Agreement, Quantum Meruit, and Unjust Enrichment.

Claims for breach of implied agreement, quantum meruit, and unjust enrichment, like those asserted by Plaintiff in his Complaint, are all synonymous: they are all claims in equity designed to provide a remedy where one party was unjustly enriched. *See Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1313-14 (S.D. Fla. 2006) (finding quantum meruit, a claim adopted to provide remedy where one party received a benefit under circumstances making it unjust to retain it without giving compensation, is synonymous with a claim for a contract implied in law) (internal citations omitted); *see also Wachovia Ins. Servs., Inc. v. Fallon*, 682 S.E.2d 657, 665 (Ga. App. 2009) (holding unjust enrichment is an equitable remedy that "applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party

---

[2] Additionally, Plaintiff's Complaint does not cite or refer to any specific Florida statute or law imposing the overtime rate Plaintiff alludes to. The only statute or law specifically referred to throughout Plaintiff's Complaint is the FLSA.

5

equitably ought to return or compensate for"). An "implied in law" agreement is not an actual contract, but is a legal substitute for a contract formed to impose equity between two parties. The concept of a quasi-contract is that of a contract that *should* have been formed, even though in actuality it was not. *Commerce P'ship 8098 Ltd. P'ship v. Equity Contr. Co.*, 695 So. 2d 383, 385-86 (Fla. 4th DCA 1997) (internal citations omitted). An "implied in law" agreement is not literally an implied agreement to comply with unidentified laws of the State of Florida, as Plaintiff suggests. *See* Compl. at ¶¶ 9, 13. Instead, "implied in law" agreements are used when a court finds it appropriate to create an obligation upon a non-contracting party to avoid injustice and to ensure fairness and is invoked in circumstances of unjust enrichment and is connected with the concept of restitution. *See Equity Contr. Co.*, 695 So. 2d at 385-86.

Because they are all based in equitable theory only, recovery under Plaintiff's claims for breach of implied agreement, quantum meruit, and unjust enrichment "is only available where there is no adequate remedy at law." *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518-19 (11th Cir. 1994) (*citing Mayor of Wadley v. Hall*, 261 Ga. 681, 410 S.E.2d 105, 106 (1991) and *Stewart v. Walton*, 254 Ga. 81, 326 S.E.2d 738, 739 (1985)). Courts have addressed the concept of "adequate remedy at law" in a variety of contexts and have held that the availability of monetary damages via an alternative claim demonstrates that adequate remedies at law exist. *See H2Ocean, Inc.*, 2006 WL 1835974 at *8-9 ("Unjust enrichment is an equitable remedy under Florida law, and thus, to state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists. Plaintiff's complaint does not do this. Count V must, therefore, be dismissed.") (internal citation omitted); *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511 (S.D. Fla. 1996) (dismissing unjust enrichment claim because "[p]laintiffs fail to allege that an adequate remedy at law does not exist"); *Housing Auth. v. MMT Enters.*, 267 Ga. 129, 475 S.E.2d 642 (1996) (contractor had adequate remedy at law where it could obtain money damages for alleged breach of contract); *Peery v. CSB Behavioral Health Sys.*, 2008 WL

6

4425364 (S.D. Ga. Sept. 30, 2008) (adequate remedy at law exists where plaintiff could seek recovery for money the defendant promised to pay under a breach of contract claim); *Glynn Cnty. Bd. of Tax Assessors v. Haller*, 273 Ga. 649, 543 S.E.2d 699 (Ga. 2001) (trial court erred in granting equitable relief because the plaintiffs have an adequate remedy at law under Georgia law).

In the instant action, the FLSA itself provides an adequate remedy through which Plaintiff may pursue any claims he has for unpaid overtime during his employment with Garda.[3] Because that adequate remedy not only exists, but has been specifically pled as a basis for this action in Plaintiff's Complaint, Plaintiff's claims for breach of implied agreement, quantum meruit, and unjust enrichment should be dismissed with prejudice.

> iii. **Counts I, II, and III of Plaintiff's Complaint Fail To Establish That Plaintiff Is Entitled To Relief On His Claims Under The "Laws Of The…State of Florida."**

Counts I, II, and III attempt to set forth common law equitable claims. Notwithstanding, Plaintiff alleges in each of these counts alleged violations of the "laws of…the State of Florida" without citing the referenced law, rule, or regulation. *See* Compl. at ¶¶ 13, 15, 21, 27. If Plaintiff is predicating these causes of action on a statutory scheme, these claims should be dismissed because Plaintiff has failed to meet the pleading standards to sufficiently put Garda on notice as to the laws it has allegedly violated. *See, e.g., Gonzales v. DHI Mortg. Co., Ltd.*, 2009 WL 4723362, at *9 (N.D. Cal. Dec. 4, 2009) (dismissing one of plaintiff's claims for his failure "to identify a specific statute that [the defendant] violated"; it was not enough that plaintiff alleged the violation of "various statutes" involving the defendant's business because "such pleading does not give [defendant] fair notice of the claim and the grounds upon which it rests"). In the same way, merely claiming laws or regulations have been violated, without identifying them, is not sufficient to withstand a motion to dismiss. *See Hutchinson v. D.C.*, 2010 WL

---

[3] Garda's Partial Answer and Affirmative Defenses was contemporaneously filed with the instant Motion.

2428124, at *1 (D.D.C. June 15, 2010) (dismissal was appropriate due to plaintiff's failure to identify the laws under which she sought relief; merely citing to "DC laws & regulations" was insufficient).

Just as the complaint in *Hutchinson*, Plaintiff's Complaint here fails to identify the "laws of…the State of Florida" under which he seeks relief for his breach of implied agreement, quantum meruit, and unjust enrichment claims. *See* Compl. at ¶¶ 11, 13, 19, 25. The only reference in Plaintiff's Complaint to any specific statutes or laws concern alleged violations of the FLSA, which Plaintiff maintains form the grounds for this action. *See id.* at ¶¶ 1, 34. Therefore, besides being duplicative and preempted by the FLSA, dismissal of Counts I, II, and III of Plaintiff's Complaint is warranted by his failure to meet the minimum pleading requirements to give Garda fair and proper notice of the claims brought against it.

### C.  Plaintiff's FLSA Collective Action Allegations Should Be Dismissed.

In Counts IV and V of his Complaint, Plaintiff purports to bring claims for alleged violations of the FLSA against Garda on behalf of himself and others similarly situated. *See generally* Compl. at ¶¶ 27-50. The collective action components of Counts IV and V should be dismissed because Plaintiff's Complaint fails to plead or define any attributes of the alleged similarly situated employees and, therefore, the allegations fail to state a claim for relief as a collective action.

The FLSA permits a collective action to be maintained against any employer by any one or more employees for and on behalf of themselves and other employees similarly situated. *See Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). Employees must be "similarly situated" regarding their job requirements for the case to proceed as a collective action. *See id.* When plaintiffs bring an FLSA action for and on behalf of themselves and other similarly situated employees, the complaint should indicate who those other employees are, and allege facts that would entitle them to relief. *See Jones v.*

8

*Casey's General Stores*, 538 F.Supp. 2d 1094, 1102 (S.D. Iowa 2008) (citing *Zhong v. August Corp.*, 498 F.Supp. 2d 625, 628 (S.D.N.Y. 2007)).

In *Diaz v. Garda CL Southeast, Inc.*, Case No. 1:12:cv-21746-UU (S.D. Fla.), Judge Ungaro dismissed the collective action component in a similarly bare-bones complaint filed by the same plaintiff's counsel in this case. [1:12-cv-21746-UU, ECF No. 14]. As is the case here, the court noted that the plaintiff's Complaint, "lacks any allegations as to Plaintiff's job description, job title, work-related duties, or any other facts upon which this Court could draw 'the reasonable inference' that Defendant is liable to a certain category of employees similarly situated to the Plaintiff." *Id.* at p. 2. Similarly, in *Pickering v. Lorillard Tobacco Co., Inc.*, 2011 U.S. Dist. LEXIS 3647 (M.D. Ala. January 13, 2011), the court dismissed the collective action component of the plaintiff's FLSA lawsuit because the complaint did not explain the allegedly similarly situated employees. The only detail in the plaintiff's complaint in *Pickering* was he worked as a full-time sales representative, performing the functions and duties of a non-exempt employee. *See id*. at *5. The complaint did not describe those duties, or explain the supposedly similarly situated employees. *See id.* at *6.

Plaintiff's Complaint here, like the complaint in *Diaz* and *Pickering*, only generally alleges that he performed work as a non-exempt employee for Garda, with no further details. *See* Compl. at ¶ 8. Also, Plaintiff's Complaint contains no description of the job duties of the alleged similarly situated employees and has no allegations concerning the pay provisions of those proposed employees. Plaintiff's Complaint only asserts in a conclusory manner that the instant action is brought by himself and other "similarly situated" individuals. *See* Compl. at ¶¶ 1, 28. The Complaint contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated. Plaintiff merely seeks relief on behalf of "similarly situated individuals" — a legal conclusion that does not satisfy *Twombly* and *Iqbal* pleading standards. *See Pickering*, at *2 (dismissing a similar FLSA collective action claim as factually deficient).

9

Thus, Plaintiff's collective action allegations are properly dismissed. *Diaz, supra*; *Pickering, supra*; see also *Peggy St. Croix v. Genentech, Inc.*, 2012 U.S. Dist. LEXIS 86742, 6-7 (M. D. Fla. 2012).

## IV. CONCLUSION

Plaintiff's claims for breach of implied agreement, quantum meruit, and unjust enrichment must be dismissed with prejudice because his claims are entirely duplicative and preempted by the FLSA, an adequate remedy at law exists under the FLSA, and the allegations in Plaintiff's Complaint fail to suitably put Garda on notice as to the laws it allegedly violated other than the FLSA. Plaintiff's Complaint fails to adequately set forth a claim for relief as a collective action under the FLSA.

WHEREFORE, Defendant Garda CL Southeast, Inc. respectfully requests this honorable Court enter an Order granting Defendant's Partial Motion to Dismiss, dismissing Counts I, II, and III of Plaintiff's Complaint against it with prejudice, and dismissing the collective action component of Counts IV and V, in addition to any further relief deemed just and proper.

Dated this 5th day of June 2014.   Respectfully submitted,

LITTLER MENDELSON, P.C.
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Tel:  (305) 400-7500
Fax: (305) 603-2552

By:  */s/ Jorge Zamora, Jr.*
Jessica T. Travers
Florida Bar No. 0018129
E-mail: jtravers@littler.com
Jorge Zamora, Jr.
Florida Bar No. 0094713
E-mail: jzamora@littler.com

*Counsel for Defendant*
Garda CL Southeast, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of June 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.

                                                                                                        */s/ Jorge Zamora, Jr*
                                                                                                              Jorge Zamora, Jr.

## SERVICE LIST

**COUNSEL FOR PLAINTIFF:**

Jason S. Remer, Esq.
Florida Bar No. 165580
Email: jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Email: bshulman@rgpattorneys.com
Florida Bar No. 092044
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: 305.416.5000
Fax: 305.416.5005

*(Served via transmission of Notices of Electronic Filing generated by CM/ECF)*


**COUNSEL FOR DEFENDANT:**

Jessica T. Travers
Florida Bar No. 0018129
E-mail: jtravers@littler.com
Jorge Zamora, Jr.
Florida Bar No. 0094713
Email: jzamora@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Phone: 305.400.7500
Fax: 305.603.2552


Firmwide:127338261.1 067762.1248