UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-21898-CIV-MORENO

RICARDO BULE,
and other similarly situated individuals,

        Plaintiff,

vs.

GARDA CL SOUTHEAST, INC.,
a Florida Profit Corporation.

        Defendant.
_____/

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant, GARDA CL SOUTHEAST, INC. ("Garda"), files this Motion for Judgment on the Pleadings with Supporting Memorandum of Law. Under Rule 12(c) of the Federal Rules of Civil Procedure, judgment in Garda's favor is warranted as to Plaintiff's claim for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. (the "FLSA") because the pleadings establish that Plaintiff—who is not entitled to overtime because he is covered by the Motor Carrier Act exemption —is not entitled to the relief he seeks under any set of facts that could be proved consistent with the well-pleaded allegations.

**INTRODUCTION**

On April 17, 2014, Plaintiff sued Garda on his behalf, and on behalf of alleged similarly-situated individuals, seeking unpaid wages under the FLSA.[1] On May 22, 2014, Garda removed the suit to this Court. [ECF No. 1]. On June 6, 2014, Garda filed its Answer and Affirmative

---

[1] Plaintiff's Complaint also alleges various state law claims that are subject to a Motion to Dismiss. [ECF No. 7].

Defenses to Plaintiff's FLSA claims (Counts IV and V of the Complaint), and asserted the following as its fourth affirmative defense:

> Plaintiff is exempt from the FLSA's overtime requirements pursuant to the Motor Carrier Act exemption because: (1) Plaintiff is employed by Garda, whose transportation of property by motor vehicle is subject to the Secretary's jurisdiction under the Motor Carrier Act; and (2) Plaintiff engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act, namely the transportation of currency, financial instruments, and valuables in armored trucks weighing in excess of 10,001 pounds that were bound for banks, financial institutions, and other destinations outside of Florida, or which originated outside the State.

Whether Plaintiff is engaged exempt under the FLSA's Motor Carrier Act exemption presents a question of law already resolved by the Eleventh Circuit Court of Appeals, *Baez v. Wells Fargo Armored Service Corp.*, 938 F.2d 180, 181-82 (11th Cir. 1991), and the same question could be answered by this Court on the pleadings. Plaintiff concedes his "work for the Defendant likewise affects interstate commerce," Complaint, ¶32, and, even construing the well-pleaded facts in Plaintiff's Complaint as true, Garda's affirmative defense establishes that Plaintiff is exempt from the overtime requirements of the FLSA pursuant to Section 213(b)(1) of the FLSA, which exempts from the overtime requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant" to the Motor Carrier Safety Act ("MCA"). 29 U.S.C. § 213(b)(1).

## MEMORANDUM OF LAW

A.   *Rule 12(c) Standard*

Rule 12(c) of the Federal Rule of Civil Procedure provides that, at any time after the pleadings have closed, so long as it does not delay trial, any party may move for judgment on the pleadings. *See also Bradley Factor, Inc. v. United States*, 957 F. Supp. 1259, 1260 (M.D. Fla.

1997). "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002); *Bankers Ins. Co. v. Florida Residential Property & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).

A Rule 12(c) motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *see also ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1564 (S.D. Fla. 1997). The Court "must accept the facts alleged in the complaint as true and construe them in the light most favorable to the nonmoving party." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *King v. American Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002) (likening Rule 12(c) standard to that used in reviewing Rule 12(b) motions). However, the Court is "not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). Plaintiff's forumalic and bare-boned allegations his is a non-exempt employee is properly excluded from the Court's analysis because its amounts to nothing more than unsupported legal conclusions and, thus, is not entitled to the assumption of truth. A review of the remaining allegations in the pleadings clarifies that dismissal under Rule 12(c) is proper because "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Horsley*, 292 F.3d at 700.

C.  <u>Argument</u>

The MCA Exemption applies where: (1) the employees "are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's

jurisdiction under the Motor Carrier Act[,]" and (2) the employees "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 4541017, at *4 (S.D. Fla. Oct. 8, 2008) (quoting *Baez v. Wells Fargo Armored Service Corp.*, 938 F.2d 180, 181-82 (11th Cir. 1991)). As a matter of law, Garda is exempt from the overtime provisions of the FLSA in relation to Plaintiff because: (1) Garda and Plaintiff engage in interstate commerce under the Act, as conceded by Plaintiff in his Complaint; (2) Garda is a Motor Carrier subject to the jurisdiction of the Secretary of Transportation; and (3) Plaintiff is engaged in activities affecting the safety of motor vehicles. *McIntyre*, 2008 WL 4541017, at *4.

### i.   Garda and Plaintiff Engage in Interstate Commerce Under the Act

In Paragraph 31 of the Complaint, Plaintiff admits Garda "regularly engages in interstate commerce, particularly with respect to its employees[.]"  Plaintiff also concedes his work for Garda, as alleged in Paragraph 32 of the Complaint,  "affects interstate commerce." For purposes of the Motor Carrier Act Exemption the term "interstate commerce" is defined as "commerce between any place in a State and any place in another State, whether such commerce moves wholly by motor vehicle or partly by motor vehicle and partly by rail, express, or water." *See* 42 Fed. Reg. 60078, 60079 (Nov. 23, 1977), citing former 49 U.S.C. § 303(a)(10).[2] Notably, there is no distinction between the definition used by the MCA and that found in the FLSA.  *See Aira v. Best National Vending, Inc.*, 2012 U.S. Dist. LEXIS 148534, *24.  In *Aira*, the court held that the MCA exemption applied where the plaintiff's complaint alleged that both

---

[2] Section 203(a)(10) of the Interstate Commerce Act (49 U.S.C. § 303(a)(10) was replaced by Revised Interstate Commerce Act Provision, 49 U.S.C. § 10521, Pub. L. No. 95 473 § 4(b), 92 Stat. 1466 (1978); Pub. L. No. 97 449, § 7(b), 96 Stat. 2444 (1983), and subsequently by 49 U.S.C. § 31132. Pub. L. No. 98-554, § 204, 98 Stat. 2833 (1984). There is no substantive change in the definition and scope of the term "interstate commerce."

his work and the defendant-employer's business affected interstate commerce. The court further clarified that "movement that would constitute interstate commerce under the FLSA would likewise constitute interstate commerce under the MCA[.]" *Id*. at *25 (citing *Walters v. American Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1229 (11th Cir. 2009)).

Assuming Plaintiff's judicial admission is not dispositive, which Garda contends that it is, Eleventh Circuit precedent establishes that Plaintiff's activities for Garda, transporting currency, coin, checks, and other valuables between banks, the Federal Reserve Bank, bank processing centers, check cashing facilities and other locations, involve transportation of property in interstate commerce as defined by the MCA. *Baez v. Wells Fargo Armored Service Corp., supra*. Wells Fargo, the defendant in *Baez*, and Garda work in the same industry, functioning in the same manner. *Id*. Like Plaintiff, the Wells Fargo employees in *Baez* served as driver-guards and messengers-guards and worked only within Florida, transporting checks and currency, some of which was ultimately bound for out of state. *Id.* The *Baez* Court granted summary judgment for Wells Fargo, finding such conduct constitutes interstate commerce under the MCA, and the Eleventh Circuit affirmed. *See id*. at 181.

*Hernandez v. Brink's, Inc.*, Case No. 08-20717-CIV-MOORE/SIMONTON, 2009 U.S. Dist. LEXIS 2726, at *7 (S.D. Fla. Jan. 15, 2009) is also on point. Like Garda, Brink's is a secured transportation service company that provides armored vehicle transportation of customers' coin, currency, negotiable instruments and other valuables. *Id*. at *1. In *Brink's*, the court held that

> Brink's is a motor carrier that transports checks destined for banks outside of Florida and transports property destined for interstate and foreign locations. It is unnecessary for an employee to engage in interstate travel as long as the property being transported is bound for an intestate destination. . . . [T]he nature of Brink's relevant activities fall squarely within the meaning of interstate

commerce for purposes of the Motor Carrier Act.

*Brink's*, 2009 U.S. Dist. LEXIS 2726, at * 7-8.

Other district courts analyzing the application of the MCA Exemption to the transportation of currency or negotiable instruments have reached the same conclusion. In *McGee v. Corp. Express Delivery Sys*., No. 10-C-1245, 2003 WL 22757757 (N.D. Ill. Nov. 20, 2003), a pick-up and delivery service spent over half of its time transporting checks to and from bank post office boxes, customer banks, check processing centers, the local Federal Reserve Bank, and the local clearinghouse all within the state. The district court found that the defendant's transport of checks among these institutions constituted interstate commerce. *Id.* It based its finding on the checks' senders having the intent when they sent the checks they should travel interstate. *Id.* "They sent the checks to the bank's post office box, intending that they be received by the bank, the payee's account credited, and the check returned to the bank on which it was drawn by the author. When [defendant's drivers] handled the checks, they were in the middle of their journey." *Id*. at *4.

Plaintiff transported currency, checks and other negotiable instruments that were ultimately bound for banks outside of Florida, or originated out of State. Further, the cash, currency and coin that the drivers picked up and delivered were part of the practical continuity of interstate commerce, for example, when they delivered cash originating outside Florida to ATMs, commercial establishments and banks, and concurrently picked up cash and coins that originated out of state and checks to be sent to out of state clearinghouses. Based on well-established law in *Baez* and its progeny, as a matter of law, the Parties were engaged in the transportation of property in interstate commerce under the MCA.

     *ii.*  *Garda is a Motor Carrier Covered by the Motor Carrier Act and Regulated by the Secretary of Transportation*

In this case, there can be no question Garda is a subject to the Secretary's jurisdiction under the Motor Carrier Act. Garda is a registered contract carrier with the Department of Transportation. Thus, jurisdiction has already been exercised. *See, e.g., Baez,* 938 F.2d at 182 ("[T]he permit issued by the [Interstate Commerce Commission] indicates that jurisdiction has already been exercised."). All of Garda's driver/messengers fall under the Secretary's Jurisdiction because their employment duties involve the safety of motor vehicles weighing over 10,000 pounds. SAFETEA-LU Technical Corrections Act of 2008, Pub. L. 110-244, §306(a) and (c); Note to 29 U.S.C. §207.

     *iii.*  *Plaintiff's Activities Affect the Safe Operations of Motor Vehicles*

Further, Garda's drivers/messengers are engaged in activities that directly affect the operational safety of the armored vehicles. The Secretary of Transportation has determined that employees who (1) drive the motor vehicle; (2) ride on armored trucks in capacities other than that of driver, and (3) load and unload vehicles are responsible for, and affect the safety of, motor vehicles. 29 C.F.R. §§ 782.2(b)(1), 782.3 ("Drivers"), 782.4 ("Drivers Helpers"), 782.5 ("Loaders"). The regulations prescribed under the MCA to address safety operation apply to the position held by Plaintiff. *See Baez*, 938 F.2d 180 (MCA Exemption applies to driver-guards and messenger-guards); *Brink's*, 2009 U.S. Dist. LEXIS 2726, *10 ("Plaintiffs who worked as Drivers [and Messengers] fall within the regulation's definition of drivers who affect the safety of operation and are therefore covered by the FLSA's motor carrier exemption."). Plaintiff is exempt under the MCA based solely on the pleadings and with no further inquiry.

## CONCLUSION

For the reasons more fully expressed above, Defendant respectfully requests that the Court grant its Motion for Judgment on the Pleadings regarding Counts IV and V of Plaintiff's Complaint and enter an Order dismissing, with prejudice, Plaintiff's FLSA claims against Defendant, and any other further relief the Court deems just and appropriate.

Dated this 6th day of June 2014.   Respectfully submitted,

LITTLER MENDELSON, P.C.
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Tel:  (305) 400-7500
Fax: (305) 603-2552

By:   */s/ Jessica T. Travers*
Jessica T. Travers
Florida Bar No. 0018129
E-mail: jtravers@littler.com
Jorge Zamora, Jr.
Florida Bar No. 0094713
E-mail: jzamora@littler.com

*Counsel for Defendant*
Garda CL Southeast, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of June, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.

                                                                             */s/ Jessica T. Travers*
                                                                                Jessica. T. Travers

## SERVICE LIST

**COUNSEL FOR PLAINTIFF:**

Jason S. Remer, Esq.
Florida Bar No. 165580
Email: jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Email: bshulman@rgpattorneys.com
Florida Bar No. 092044
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel:  305.416.5000
Fax: 305.416.5005

*(Served via transmission of Notices of Electronic Filing generated by CM/ECF)*

**COUNSEL FOR DEFENDANT:**

Jessica T. Travers
Florida Bar No. 0018129
E-mail: jtravers@littler.com
Jorge Zamora, Jr.
Florida Bar No. 0094713
Email: jzamora@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida  33131
Phone: 305.400.7500
Fax:     305.603.2552

Firmwide:127336596.1 067762.1248