UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **14-21898-CIV-MORENO**

RICARDO BULE,
    Plaintiff,

vs.

GARDA CL SOUTHEAST, INC.,
    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court upon a review of Defendant's Partial Motion for Dismissal **(D.E. 7)**, filed on **June 5, 2014**, in which Defendant seeks to dismiss Counts I, II, III, and the collective action components of Counts IV and V, of Plaintiff Ricardo Bule's Complaint. THE COURT has considered the motion, response, and the pertinent portions of the record, and hereby GRANTS Defendant's Partial Motion for Dismissal. Plaintiff's claims for breach of contract, unjust enrichment, and *quantum meruit* should be dismissed because they are preempted by the Fair Labor Standards Act ("FLSA" or the "Act"); they are state law claims preempted by the FLSA, invoked only as a source of remedies for alleged FLSA violations. The collective action components of Courts IV and V of the Complaint, moreover, are void of any allegations describing the class Plaintiff purports to represent and are thereby dismissed as well.

**I.**     **Factual Background**

Plaintiff Ricardo Bule here sues Defendant Garda CL Southeast, Inc., asserting various state law claims and seeking unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. Without identifying a date range, Plaintiff alleges that he worked for Defendant Garda as a non-exempt employee, and that during his employment period, he worked without the proper overtime rate for all hours worked in excess of 40 per week. Based on these allegations,

Plaintiff avers that Garda has: (1) breached an "implied agreement"; (2) retained an inequitable benefit from Plaintiff; (3) been unjustly enriched; and (4) violated the FLSA. Defendant Garda, pursuant Rule 12(b)(6), moved to dismiss Counts I, II, and III of Plaintiff's Complaint, which comprise state law claims, as well as the collective action components of Counts IV and V, which present federal FLSA claims.

## II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiffs have an obligation to provide the grounds of their entitlement to relief with more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a complaint falls short of this standard because it relies on formulaic recitations and unsupported conclusions, a Court shall dismiss the deficient claims for their failure to provide an adequate basis for the possibility of granting relief. *See* Fed. R. Civ. P. 12(b)(6).

## III.   Legal Analysis

### A.   Plaintiff's Claims For Breach Of Agreement, *Quantum Meruit*, and Unjust Enrichment Fail to State Claims Upon which Relief May be Granted

#### 1.   Plaintiff's Claims for Breach Of Agreement, *Quantum Meruit*, And Unjust Enrichment Are Duplicative Of Plaintiff's FLSA Claims And Preempted By the FLSA.

The gravamen of Plaintiff's Complaint is as follows: (1) Plaintiff allegedly worked over

40 hours per week; and (2) Defendant allegedly did not pay Plaintiff at the overtime rate for all hours worked in excess of 40 per week. Plaintiff duplicates his allegation across a series of Counts, however, pursuant to both state and federal law. In Counts I, II, and III, seeking relief under equitable theories of recovery, he alleges that Defendant did not "properly pay Plaintiff for all hours worked." Then, in Count IV of the Complaint, Plaintiff alleges that Defendant Garda failed to comply with the FLSA "in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by [Garda] to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA."

Expressing the claims against Defendant in terms of breach of implied agreement, *quantum meruit,* or unjust enrichment fails to render these state law claims materially distinct from the FLSA claim brought in Count IV, and invoked again in Count V, of Plaintiff's Complaint. Both the FLSA claims and the claims of Counts I, II and III present the same material allegations: the difference is the way Plaintiff classified these claims. The FLSA, however, precludes such an effort to end-run its claims and procedures.

Section 216 of the FLSA is the exclusive remedy for enforcing rights created under the Act. *See Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991). "As a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to [a] FLSA claim." *Id.* Courts dismiss duplicative state law common law claims where they rely on proof of the same facts. As one court stated, "a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA. Defendants' motion to dismiss Plaintiffs' unjust enrichment claim as it relates to any claim of failure to pay minimum wages or overtime under the FLSA is GRANTED." *Bouthner v. Cleveland Constr. Inc.*, 2011 WL 2976868, at *7 (D. Md. July 21, 2011); *see also Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009) (the FLSA "preempts

common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay)"). In *Botello v. COI Telecom, LLC*, for example, the court dismissed the plaintiff's state law claims for *quantum meruit*, unjust enrichment, and breach of contract as preempted by the FLSA because they were "predicated on [d]efendant's alleged failure to compensate her for hours worked in excess of 40 hours; a requirement imposed by the FLSA [and] [t]he FLSA provides the exclusive remedy for violation of its mandates." 2010 WL 3784202, at *4 (W.D. Tex. Sept. 21, 2010). Ultimately, a plain reading of Plaintiff's state law claims reveal they are all, without a doubt, dependent on a finding of the same violations of the FLSA. *See* Compl. at ¶¶ 13, 19, 25, 34, 44-45. Therefore, this Court finds it prudent to follow *Bouthner*, *Botello*, and the other cases across the country that prohibit plaintiffs from avoiding the procedures and substantive rules of the FLSA through artful pleading.

The Court notes that Plaintiff argues that he is permitted to pursue his claims under the FLSA as well as on a theory of breach of agreement based on the holding in *Avery v. City of Talladega*. 24 F.3d 1337 (11th Cir.1994). This argument is unpersuasive. The Eleventh Circuit has explicitly limited *Avery*'s holding, explaining that the decision in *Avery* only addresses the question of whether a state law contract claim is preempted where the contract in question is an expressed contract that explicitly provides that employees will be paid overtime in accordance with the FLSA. *See e.g. Johnson v. WellPoint, Inc.*, 1:06-CV-2430-ODE, 2009 WL 8753325 at *22 (N.D. Ga. Mar. 30, 2009). Here, Plaintiff's Complaint is devoid of any allegation that such "agreement" was expressed or that any terms of such agreement where explicitly provided. It is wholly distiguishable.

2. **The FLSA Provides An Adequate Remedy For Plaintiff's Claims of Breach of Implied Agreement, *Quantum Meruit*, and Unjust Enrichment.**

Claims for breach of implied agreement, *quantum meruit*, and unjust enrichment are all

synonymous: they are all claims in equity designed to provide a remedy where one party was unjustly enriched. *See Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1313-14 (S.D. Fla. 2006). Because they are all based in equitable theory only, recovery under Plaintiff's claims for breach of implied agreement, *quantum meruit*, and unjust enrichment is only available where there is no adequate remedy at law. *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518-19 (11th Cir. 1994). Courts have addressed the concept of "adequate remedy at law" in a variety of contexts and have held that the availability of monetary damages via an alternative claim demonstrates that adequate remedies at law exist. *See Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511 (S.D. Fla. 1996) (dismissing unjust enrichment claim because "[p]laintiffs fail to allege that an adequate remedy at law does not exist").

In the instant action, the FLSA provides an adequate remedy through which Plaintiff may pursue any claims he has for unpaid overtime during his employment with Garda. Notably, in his Response, Plaintiff actually implicitly concedes that his claim for unjust enrichment (Count III) may be dismissed for this reason. Because an adequate remedy not only exists, but has been specifically pled as a basis for this action in Plaintiff's Complaint, the Court once again determines that Plaintiff's claims for breach of implied agreement, *quantum meruit*, and unjust enrichment should be dismissed.

### 3. Plaintiff Fails to Establish that he is Entitled To Relief Under State Law

To survive a motion to dismiss, a complaint must set forth factual content from which the Court may draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.; see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do."). Here, the state law claims raised in Plaintiff's Complaint all uniformly affirm that Defendant's actions violated "the laws of…the State of Florida." Plaintiff, however, fails to specifically cite the referenced law, rule, or regulation either in his Complaint or in his Response to this Motion. The only direct reference in Plaintiff's pleadings to any pertinent law is to the FLSA. Therefore, in addition to being duplicative and preempted by the FLSA, dismissal of Counts I II, and III of Plaintiff's Complaint is warranted by Plaintiff's failure to give Defendant Garda fair and proper notice of the claims brought against it.

### B. Plaintiff's FLSA Collective Action Allegations

In Counts IV and V of his Complaint, Plaintiff alleges violations of the FLSA against Defendant Garda on behalf of himself and others "similarly situated". This Court finds that the collective action components of Counts IV and V should be dismissed because Plaintiff's Complaint fails to plead or define any attributes of the alleged similarly situated employees, and, therefore, the allegations fail to state a claim for relief as a collective action.

The FLSA permits a collective action to be maintained against any employer by any one or more employees for and on behalf of themselves and other employees similarly situated. *See Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). Employees must be "similarly situated" regarding their job requirements for the case to proceed as a collective action. *See id.* When plaintiffs bring an FLSA action for and on behalf of themselves and other similarly situated employees, the complaint should indicate who those other employees are, and allege facts that would entitle them to relief. *See id.* Here, however, Plaintiff's Complaint contains no description of the job duties of the alleged similarly situated employees and has no allegations concerning the pay provisions of those proposed employees. The Complaint contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated. Accordingly, this Court finds that Plaintiff's collective action allegations should be dismissed. *Diaz v. Garda CL Southeast, Inc.,* Case No. 1:12:cv-21746-UU

(S.D. Fla. 2012); *see also Peggy St. Croix v. Genentech, Inc.*, 2012 U.S. Dist. LEXIS 86742, 6-7 (M. D. Fla. 2012).

## IV. Conclusion

For the foregoing reasons, this Court DISMISSES Counts I, II and III of Plaintiff's Complaint with prejudice. These claims are duplicative and preempted by the FLSA, which provides an adequate remedy at law for the Plaintiff. Moreover, these Counts of Plaintiff's Complaint fail to suitably put Defendant on notice as to the laws it allegedly violated.

In addition, Plaintiff's Complaint fails to adequately set forth a claim for relief as a collective action under the FLSA. The collective action components of Counts IV and V are accordingly DISMISSED. It is hereby

ADJUDGED that Counts I, II and III of Plaintiff's Complaint are DISMISSED with prejudice, and the collective action components of Counts IV and V are DISMISSED as well.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2014.

```
                                    _____
                                    FEDERICO A. MORENO
                                    UNITED STATES DISTRICT JUDGE
```

Copies provided:

Counsel of Record