UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-21898-CIV-MORENO

RICARDO BULE,
Plaintiff,

vs.

GARDA CL SOUTHEAST, INC.,
Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS IV AND V

THIS CAUSE came before the Court upon review of Defendant's Motion for Judgment on the Pleadings **(D.E. 10)**, filed on **June 6, 2014**, in which Defendant seeks to dismiss Counts IV and V of Plaintiff Ricardo Bule's Complaint, which assert claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* . Plaintiff here concedes that Defendant is a motor carrier subject to the jurisdiction of the Secretary of Transportation. This concession, together with Plaintiff's assertion that he and Defendant engaged in interstate commerce during his employment term, renders Plaintiff's FLSA allegations unavailing. The Secretary of Transportation has unambiguously established that employees such as Plaintiff are responsible for, and affect the safety of, motor vehicles. Hence, even accepting the facts alleged in the Complaint as true and construing them in the light most favorable to Plaintiff, this Court determines that Plaintiff is not entitled to the relief he seeks in Counts IV and V because, as a matter of law, he was at all times exempt from the overtime requirements of the Fair Labor Standards Act by virtue of the motor carrier exemption. This Court accordingly GRANTS Defendant's Motion for Judgment on the Pleadings and DISMISSES this case.

I. **Factual Background**

Plaintiff Ricardo Bule here sues Defendant Garda CL Southeast, Inc., asserting various state law claims and seeking unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* Without identifying a date range, Plaintiff alleges in his Complaint that he worked for Defendant Garda as a non-exempt employee, and that during his employment period, he worked without the proper overtime rate for all hours worked in excess of 40 per week. This Court previously dismissed the state law claims of Plaintiff's Complaint, which comprised Counts I, II, and III, and dismissed the collective action components of Counts IV and V. Here, the Court dismisses the remainder of the Complaint, that is, Counts IV and V, and thereby dismisses the action.

I. **Legal Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides that, at any time after the pleadings have closed, so long as it does not delay trial, any party may move for judgment on the pleadings. *See also Bradley Factor, Inc. v. United States*, 957 F. Supp. 1259, 1260 (M.D. Fla. 1997). "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

A Rule 12(c) motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *see also ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1564 (S.D. Fla. 1997). The Court "must accept the facts alleged in the complaint as true and construe them in the light most favorable to the nonmoving party." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). However, the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp.*

*v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). For example, here, Plaintiff's allegation that he is a non-exempt employee is properly excluded from the Court's analysis because its amounts to an unsupported legal conclusion and, thus, is not entitled to the assumption of truth. A review of the remaining allegations clarifies that dismissal under Rule 12(c) is proper because "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Horsley*, 292 F.3d at 700.

Plaintiff contends that Defendant presents matters outside of the pleadings in its Motion and the Motion should therefore be stricken or treated as a motion for summary judgment. The Court determines, however, that the Defendant's Motion properly relies only on the allegations set forth in Plaintiff's Complaint and Defendant's Answer. A motion for judgment on the pleadings is appropriate in an action to dismiss a complaint when it incorporates plead affirmative defenses, since an affirmative defense is external to the complaint. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687 (7th Cir. 2012).

## II. Legal Analysis

Plaintiff is exempt from the FLSA's overtime requirements pursuant to the Motor Carrier Act exemption. The Motor Carrier Act Exemption to the Fair Labor Standards Act applies where: (1) the employees "are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the Motor Carrier Act[,]" and (2) the employees "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 4541017, at *4 (S.D. Fla. Oct. 8, 2008) (quoting *Baez v. Wells Fargo Armored Service Corp.*, 938 F.2d 180, 181-82 (11th Cir. 1991)). As a matter of law, then, Defendant

Garda (which is subject to the jurisdiction of the Secretary of Transportation) is exempt from the overtime provisions of the FLSA in relation to Plaintiff because while Defendant and Plaintiff engaged in interstate commerce under the Act, Plaintiff engaged in activities affecting the safety of motor vehicles. *McIntyre*, 2008 WL 4541017, at *4.

### A.  Plaintiff and Defendant Engaged In Interstate Commerce

Plaintiff expressly concedes that he and Defendant were engaged in interstate commerce. Paragraph 30 of Plaintiff's Complaint states:

> At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

*See* Plaintiff's Complaint at ¶ 30. Plaintiff's Complaint further alleges that his "work for [Garda] likewise affects interstate commerce." *Id.* at ¶ 32. These allegations establish that Plaintiff and Defendant were both engaged in interstate commerce, fulfilling the first prong of the Motor Carrier Act Exemption to the Fair Labor Standards Act. *See Aira v. Best National Vending*, 2012 U.S. Dist. LEXIS 148534, * 24 (S.D. Fla. October 16, 2012) (finding no distinction between the definition of interstate commerce under the MCA or the FLSA).

In addition to Plaintiff's judicial admission, Eleventh Circuit precedent establishes that Plaintiff's activities for Defendant, that is, transporting currency, coin, checks, and other valuables

between banks, the Federal Reserve Bank, bank processing centers, check cashing facilities and other locations, involve transportation of property in interstate commerce as defined by the MCA. *Baez v. Wells Fargo Armored Service Corp.*, 938 F.2d 180, 181-82 (11th Cir. 1991). Like Plaintiff, the employees in *Baez* served as driver-guards and messengers-guards and worked only within Florida, transporting checks and currency, some of which was ultimately bound for out-of-state destinations. *Id.* The *Baez* Court granted summary judgment for defendant Wells Fargo, finding such conduct constitutes interstate commerce under the MCA, and the Eleventh Circuit affirmed. *See id.* at 181.

### B. Defendant is a Motor Carrier Covered by the Motor Carrier Act

It is also uncontested that Defendant Garda is a registered contract carrier with the Department of Transportation and therefore may invoke the Motor Carrier Act Exemption to the Fair Labor Standards Act. *See, e.g., Baez,* 938 F.2d at 182 ("[T]he permit issued by the [Interstate Commerce Commission] indicates that jurisdiction has already been exercised."). All of Defendant Garda's driver/messengers fall under the Secretary of Transportation's Jurisdiction because their employment duties involve the safety of motor vehicles weighing over 10,000 pounds. SAFETEA-LU Technical Corrections Act of 2008, Pub. L. 110-244, §306(a) and (c); Note to 29 U.S.C. §207.

### C. Plaintiff's Activities Affect the Safety Of Motor Vehicles

Defendant's drivers and messengers are engaged in activities that directly affect the operational safety of armored vehicles. The Secretary of Transportation has determined that employees who (1) drive motor vehicles; (2) ride on armored trucks in capacities other than that of driver, and (3) load and unload vehicles, are responsible for, and affect the safety of, motor vehicles. 29 C.F.R. §§ 782.2(b)(1), 782.3 ("Drivers"), 782.4 ("Drivers Helpers"), 782.5 ("Loaders"). The

regulations prescribed under the Motor Carrier Act to address safety operation undoubtedly apply to the position held by Plaintiff. *See Baez*, 938 F.2d 180 (exemption applies to driver-guards and messenger-guards); *Brink's*, 2009 U.S. Dist. LEXIS 2726, *10 ("Plaintiffs who worked as Drivers [and Messengers] fall within the regulation's definition of drivers who affect the safety of operation and are therefore covered by the FLSA's motor carrier exemption."). Plaintiff has not submitted that there is an issue of fact in this regard; there is ultimately no question that the second prong required to invoke the Motor Carrier Act Exemption to the Fair Labor Standards Act is fulfilled.

### III. Conclusion

Plaintiff's Complaint, Response, and Motion to Strike concede he and Defendant Garda were engaged in interstate commerce and that Defendant is a motor carrier subject to the jurisdiction of the Secretary of Transportation. Plaintiff does not, nor can he, allege that there is a factual dispute with respect to his job duties while employed with Defendant, activities which directly affect the safety of motor vehicles. Therefore, as a matter of law, Plaintiff is exempt from the overtime requirements of the FLSA by virtue of the motor carrier exemption.

For the foregoing reasons, this Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings regarding Counts IV and V of Plaintiff's Complaint and DISMISSES this case. The Clerk of Court for the Southern District of Florida shall close this case.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided:
Counsel of Record